UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LESLIE S.,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 2:19-cv-01759<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of Defendant's denial of her application for disability insurance benefits ("DIB").

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the undersigned agrees that the ALJ erred, and the ALJ's decision is reversed and remanded for an award of benefits.

I.  ISSUES FOR REVIEW

1. Did the ALJ err in evaluating medical opinion evidence?
2. Did the ALJ properly evaluate Plaintiff's symptom testimony?
3. Did the ALJ err in assessing lay witness statements?

II.  BACKGROUND

Plaintiff first filed an application for disability insurance benefits and supplemental security income on January 6, 2012 and February 8, 2012 respectively, alleging in both applications a disability onset date of September 3, 2008. AR 86. Plaintiff amended her

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

1  onset date to September 15, 2011. AR 86. Plaintiff's applications were denied upon

2  initial administrative review and on reconsideration. *Id.*

3       A hearing was held before Administrative Law Judge ("ALJ") Larry Kennedy on

4  December 13, 2012. AR 266-303. On March 20, 2013, ALJ Kennedy issued a decision

5  finding that Plaintiff was not disabled. AR 83-98. On August 5, 2014, the Social Security

6  Appeals Council denied Plaintiff's request for review. AR 104-09. On October 14, 2016,

7  this Court issued an order affirming ALJ Kennedy's decision. AR 172-98.

8       On February 8, 2016, Plaintiff filed a new application for DIB, this time alleging a

9  disability onset date of March 21, 2013. AR 16, 313-19. Plaintiff amended her onset

10 date to September 25, 2013. AR 16, 47. Plaintiff's application was denied initially and on

11 reconsideration. AR 16, 201-07, 209-14. A hearing was held before ALJ Virginia

12 Robinson on April 18, 2018. AR 39-82. On December 5, 2018, ALJ Robinson issued a

13 decision finding that Plaintiff was not disabled. AR 13-32. On September 18, 2019, the

14 Appeals Council denied Plaintiff's request for review. AR 1-7.

15      Plaintiff seeks judicial review of the ALJ's December 5, 2018 decision. Dkt. 8 at

16 2.

17                   III.    <u>STANDARD OF REVIEW</u>

18      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

19 denial of Social Security benefits if the ALJ's findings are based on legal error or not

20 supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874

21 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

22 reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

23 *Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

24

25

## IV.   DISCUSSION

In this case, ALJ found that Plaintiff had the severe, medically determinable impairments of fibromyalgia, major depression, and generalized anxiety disorder. AR 19. Based on the limitations stemming from these impairments, the ALJ found that Plaintiff could perform a reduced range of light work. AR 20. Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff could perform her past work; therefore, the ALJ determined at step four that Plaintiff was not disabled. AR 32, 70-73.

### A.   Whether the ALJ properly evaluated medical opinion evidence

Plaintiff maintains that the ALJ erred in evaluating medical opinions from Cynthia Taylor, M.D. and Paul Brown, M.D. Dkt. 8, pp. 4-9.

In assessing an acceptable medical source – such as a medical doctor – the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

#### 1.   Dr. Taylor

Dr. Taylor examined Plaintiff on July 31, 2016. AR 743-47. Dr. Taylor's evaluation consisted of a clinical interview, a review of some medical records, and a physical examination. Based on this evaluation, Dr. Taylor opined that Plaintiff could sit, stand and/or walk four hours in an eight-hour day and lift/carry up to 20 pounds

occasionally due to easy fatigability and an inability to tolerate activity. AR 747. Dr. Taylor further opined that Plaintiff could never climb, balance, or crawl due to ataxia and stiffness and could occasionally stoop, kneel, and crouch. *Id.* Dr. Taylor added that Plaintiff could reach above shoulder level occasionally and could frequently reach forward in the frontal plane. *Id.* Dr. Taylor stated that Plaintiff could not work -- at height due to balance issues; around heavy machinery or excessive noise due to anxiety; or around extremes of temperature because they trigger her fibromyalgia symptoms. *Id.*

The ALJ assigned "partial weight" to Dr. Taylor's opinion, finding that it was consistent with the "relatively modest" findings throughout the record, and the limitations assessed by Dr. Taylor with respect to lifting and carrying, postural limitations, and environmental limitations were consistent with the record and Plaintiff's history of fibromyalgia with fatigue and pain. AR 25. The ALJ found that the record indicated Plaintiff had a greater ability to stand and sit than assessed by Dr. Taylor, had a non-antalgic gait, could heel and toe walk, and did not require an assistive device. AR 25.

An inconsistency with the medical record can serve as a specific and legitimate reason for discounting limitations assessed by a physician. *See* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the Social Security Administration] will give to that medical opinion."); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (An ALJ may give less weight to medical opinions that conflict with treatment notes).

In formulating the RFC, the ALJ assessed Plaintiff as being able to sit for six hours in an eight-hour day and frequently reach bilaterally. AR 20. Dr. Taylor found that

Plaintiff could only sit for four hours each workday, could reach above shoulder level occasionally and could frequently reach forward in the frontal plane. AR 747.

The ALJ has not explained why she assessed less restrictive reaching limitations than those assessed by Dr. Taylor, despite crediting the other exertional, postural, and environmental limitations Dr. Taylor assessed. AR 25.

Further, the ALJ has not cited any evidence in support of her conclusion that Plaintiff could sit more than assessed by Dr. Taylor. AR 25. The ALJ noted that Plaintiff exhibited a non-antalgic gait and could heel to toe walk, but this relates to Plaintiff's ability to stand rather than sit. *Id.* AR 25.

Accordingly, the ALJ has not provided specific and legitimate reasons for discounting Dr. Taylor's opinion with respect to sitting and reaching.

2. Dr. Brown

Plaintiff's treating rheumatologist, Dr. Brown, offered an opinion concerning Plaintiff's physical limitations on March 14, 2018. AR 1041-45. Dr. Brown diagnosed Plaintiff with fibromyalgia and opined that Plaintiff could sit and stand for two hours in an eight-hour day, lift and carry up to 10 pounds occasionally, and would have difficulties with fine manipulation, reaching and handling. AR 1043-44. Dr. Brown further opined that due to her limitations, Plaintiff would likely miss more than three days of work per month on average. AR 1044.

The ALJ gave "little weight" to Dr. Brown's opinion, reasoning that: (1) Plaintiff had relatively conservative treatment during the period at issue; (2) Plaintiff had a non-antalgic gait, could heel and toe walk, and did not require an assistive device; and (3)

Dr. Brown's opinion was inconsistent with Plaintiff's ability to perform activities of daily living. AR 25-26.

With respect to the ALJ's first reason, a finding that an impairment is successfully managed with treatment can serve as a specific and legitimate reason for discounting a physician's opinion. *See* 20 C.F.R. § 404.1529(c)(3)(iv) (the effectiveness of medication and treatment are relevant to the evaluation of a claimant's alleged symptoms); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence of medical treatment successfully relieving symptoms can undermine a claim of disability).

However, an ALJ may not reject a physician's opinion in a vague or conclusory manner. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). Here, the ALJ did not explain what conservative treatment Plaintiff received, and did not cite to any evidence establishing that it was successful in relieving her symptoms.

As for the ALJ's second reason, for the reasons discussed above in connection with Dr. Taylor's opinion, the results of these physical examinations cannot serve as a specific and legitimate reason for discounting Dr. Brown's opinion regarding Plaintiff's postural and manipulative limitations, her ability to sit, or Dr. Brown's opinion concerning Plaintiff's work absences.

Regarding the ALJ's third reason, an ALJ may cite a claimant's activities of daily living as a reason for discounting symptom testimony when the claimant's participation in those activities contradicts the claimant's other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Yet, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998), citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir.1987) (a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits).

Here, the ALJ found that despite her allegations, Plaintiff was able to load and unload the dishwasher, wash laundry, knit, prepare meals and water the garden as long as she paced her activities, and was able to participate in volunteer activities. AR 26, 31. Plaintiff's ability to engage in these routine, undemanding activities does not constitute a specific and legitimate reason for discounting Dr. Brown's opinion. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities.").

Accordingly, the ALJ has not provided specific and legitimate reasons for discounting Dr. Brown's opinion.

B.  <u>Whether the ALJ erred in evaluating Plaintiff's testimony</u>

Plaintiff contends that the ALJ did not provide clear and convincing reasons for discounting her symptom testimony. Dkt. 8, pp. 12-17.

In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no

evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

In discounting Plaintiff's symptom testimony, the ALJ reasoned that: (1) Plaintiff's allegations concerning her physical impairments were inconsistent with the medical record and Plaintiff's activities of daily living; and (2) Plaintiff's mental health impairments were largely stable during the period at issue. AR 31.

For the reasons discussed above in connection with the opinions of Dr. Taylor and Dr. Brown, the supposed inconsistency of Plaintiff's statements with the medical record concerning her physical symptoms and her activities of daily living cannot serve as clear and convincing reasons for discounting Plaintiff's testimony. *See supra* Section IV.A.

As for the ALJ's third reason, the ALJ's selective citation to one normal mental status examination and reports that Plaintiff was "stable and doing well" during the period at issue cannot serve as a clear and convincing reason for discounting her testimony. *See Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (the Court "cannot affirm . . . 'simply by isolating a specific quantum of supporting evidence,' but 'must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'")

Accordingly, the ALJ has not provided clear and convincing reasons for discounting Plaintiff's testimony.

C.  <u>Whether the ALJ properly assessed lay witness statements</u>

Plaintiff contends that the ALJ erred by not properly evaluating statements from Plaintiff's spouse or Judi Yazzolino, the development director of the food bank where Plaintiff volunteers. Dkt. 8, pp. 9-11.

When evaluating opinions from non-acceptable medical sources, an ALJ may expressly disregard such testimony if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. § 404.1502.

Plaintiff's spouse provided a statement concerning her functional capacity on February 25, 2016. AR 338-41. The ALJ gave "little weight" to this statement, reasoning that Plaintiff was able to perform certain basic activities of daily living. AR 22.

Ms. Yazzolino provided a statement concerning Plaintiff's functional capacity on March 6, 2018. AR 1010-11. The ALJ assigned "partial weight" to Ms. Yazzolino's statement, reasoning that her observations concerning Plaintiff's mental functioning were not supported by the record. AR 23-24.

For the reasons discussed above in connection with the medical opinion evidence and Plaintiff's testimony, the ALJ's finding that the statements of Plaintiff's spouse and Ms. Yazzolino were inconsistent with Plaintiff's activities of daily living and her mental health treatment record is not supported by substantial evidence. *See supra* Sections IV.A and IV.B.

D.  Remand for an Award of Benefits

Plaintiff asks this Court to remand this case for an award of benefits. Dkt. 8, pp. 17-19. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

Here, the ALJ erred in evaluating medical opinions and opinions from non-medical sources. The ALJ also did not provide clear and convincing reasons for discounting Plaintiff's testimony. The record has been fully developed, and remanding this case for further proceedings would serve no useful purpose. Crediting the

improperly discounted evidence as true, particularly Plaintiff's testimony and Dr. Brown's opinion that Plaintiff would likely miss more than three days of work per month on average due to her impairments, the ALJ would be required to find Plaintiff disabled on remand. AR 301, 1044; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007) ("[W]e will not remand for further proceedings where, taking the claimant's testimony as true, the ALJ would clearly be required to award benefits.").

Accordingly, remand for an award of benefits is the appropriate remedy.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when she found Plaintiff was not disabled. Defendant's decision to deny benefits is therefore REVERSED and this matter is REMANDED for an award of benefits.

Dated this 30th day of November, 2020.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge